HERBERT J. BODDY, *Appellant*, v. J. W. SPADA *et al.*, *Respondents.*[1]

*A. E. Dailey,* for appellant.

*A. W. Swanson* and *F. A. Clanton,* for respondents.

*Houghton, Cluck & Coughlin* and *Herman E. Lafky,* *amici curiae.*

BLAKE, J.—At the November election in 1936, public utility district No. 1 of Snohomish county was created in accordance with the provisions of § 3, chapter 1,

[1]Reported in 69 P. (2d) 830.

Laws of 1931, p. 4 (Rem. Rev. Stat., § 11607 [P. C. § 4498-13]). Pursuant to the provisions of § 4 of that act, p. 6 (Rem. Rev. Stat., § 11608 [P. C. § 4498-14]), commissioners of the district were elected at the same time.

The commission was organized as provided by § 8 of the act, p. 25 (Rem. Rev. Stat., § 11612 [P. C. § 4498-18]). Thereafter, the commission passed a resolution directing the county treasurer to set up a public utility fund, as provided for by § 9 of the act, p. 28 (Rem. Rev. Stat., § 11613 [P. C. § 4498-19]). The commission also adopted resolutions authorizing the issuance of warrants against this fund on account of certain obligations incurred in the organization of the district and of the commission itself. Resolutions were also adopted appointing an engineer for the purpose of making a survey of the water resources which might be available to the district. It was provided that warrants be issued to defray the expense of such survey and to pay the salary of the engineer. The commissioners also declared their intention of employing an attorney.

The plaintiff, a taxpayer, brought this action to enjoin the district and the commissioners from incurring the proposed obligations and from issuing warrants in payment of those already incurred. Trial was had on the issues tendered, and judgment entered dismissing the action. Plaintiff appeals.

There is no doubt that the district, through its commission, has power to incur all of the obligations which it proposes to incur, and for which it intends to issue warrants. Laws 1931, chapter 1, § 6 (a), (j), pp. 11, 17 (Rem. Rev. Stat., § 11610 [P. C. § 4498-16] (a), (j)). The objection of appellant to the present exercise of the power is grounded upon certain provisions of § 6 (g) of the act, p. 15 (Rem. Rev. Stat., § 11610 [P. C.

§ 4498-16] (g)). That section empowers the district to raise revenue by the levy of an annual tax of not exceeding two mills on all taxable property within the district. It appears from the evidence that the obligations which the district has incurred and proposes to incur at the present time will not exceed ten thousand dollars. The assessed valuation of all taxable property in the district is $41,414,592. Upon the basis of a two mill levy, its anticipated revenue, therefore, amounts to $82,829.19. But upon the basis of the proposed expenditures, the levy will amount to approximately only a quarter of a mill.

We have held that the levy provided for in § 6 (g), p. 15 (Rem. Rev. Stat., § 11610 (g)) is not affected or limited by initiative No. 94 (forty mill tax law, chapter 2, Laws 1935, p. 8, Rem. Rev. Stat. (Sup.), § 11238-1a [P. C. § 6882-77b]). *Public Utility Dist. No. 1 v. Benton County,* 185 Wash. 339, 54 P. (2d) 1011. Appellant urges us to reconsider the holding in that case and overrule it. We are, however, satisfied with the holding and the reasoning upon which it rests.

It is the general rule that a newly formed municipal corporation may incur obligations authorized by law up to the limit of its taxing power in anticipation of its tax revenues. *Childs v. Anacortes,* 5 Wash. 452, 32 Pac. 217; *In re Woolley,* 75 Wash. 206, 134 Pac. 825. Conformably to the rule, § 6 (g), chapter 1, Laws of 1931, p. 15 (Rem. Rev. Stat., § 11610 (g)) provides:

"The commission is authorized, prior to the receipt of taxes raised by levy, to borrow money or issue warrants of the district in anticipation of the revenue to be derived by such district from the levy of taxes for the purpose of such district, and such warrants shall be redeemed from the first money available from such taxes when collected, and such warrants shall not exceed the anticipated revenues of one year, and shall

bear interest at a rate of not to exceed six per cent per annum."

But, says appellant, the power so granted is restricted by the budgetary provisions in the same section immediately preceding. If this contention were sustained, the district would be held in a state of suspended animation for nearly a year after its formation. For the budget required by the portions of the section under consideration could not be adopted until the first Monday of October, 1937. Such a consequence is utterly incompatible, not only with the rule laid down in *Childs v. Anacortes, supra,* and *In re Woolley, supra,* but with the terms of § 6 (g), p. 15, above quoted, and § 11 of the act, p. 29, itself. In the case of *In re Woolley, supra,* Judge Chadwick, speaking for the court, said:

"It has no revenue, yet it must meet many extraordinary expenses incidental to its organization, as well as emergency expenditures falling within its acknowledged powers. There must be some form of organized government wherever men congregate. Towns and cities usually spring up and grow without the attending limitations of any fixed design. Towns are not made ready to move into. They are a growth. Their functions must be performed before revenues are available. These considerations and the necessity of preserving the integrity of the public debt impelled the court to hold as it did in the *Childs* case."

Section 11, chapter 1, Laws of 1931, p. 29, provides:

"The rule of strict construction shall have no application to this act, but the same shall be liberally construed, in order to carry out the purposes and objects for which this act is intended." (Rem. Rev. Stat., § 11615 [P. C. § 4498-21].)

Taking the act as a whole, and construing it in the light of the rule stated by Judge Chadwick and the rule of the above quoted provision of § 11, p. 29, it is

clear to us that it was intended that the utility district may operate as a going concern from the effective date of its organization, notwithstanding the budgetary provisions contained in § 6 (g) of the act, p. 15. To function at all during the first year of its existence, the district must of necessity incur indebtedness.

Judgment affirmed.

STEINERT, C. J., MILLARD, MAIN, and GERAGHTY, JJ., concur.